

# The Attorney General of Texas

December 31, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Ms. Mary Jo McCrorey
Executive Director
State Board of Barber Examiners
5555 N. Lamar, Suite H-111
Austin, Texas   78751

Opinion No. MW–585

Re:  Construction of appropria-
tions act rider on cooperation
between State Board of Barber
Examiners and Texas Cosmetology
Commission

Dear Ms. McCrorey:

You have requested our opinion as to the construction of the
following appropriations act rider enacted by the Sixty-seventh
Legislature:

> It is the intent of the [l]egislature that an
> interagency contract shall be executed between the
> State Board of Barber Examiners and the Texas
> Cosmetology Commission to reduce duplication of
> activities   in   inspections,   enforcement   and
> examination.

General Appropriations Act, Acts 1981, 67th Leg., ch. 875, art. I, at
3376.

You ask the following question concerning this rider:

> Is the Barber Board obligated by virtue of the
> above–quoted portion of the appropriations bill to
> enter   into   an   interagency   contract   with   the
> Cosmetology Commission providing for crossover
> inspections or is a good-faith effort to do so all
> that is mandated?

In order to answer your question, we must first determine whether or
not this rider is a valid enactment.

Article III, section 35 of the Texas Constitution has long been
construed to prohibit the enactment of general legislation within a
general appropriations bill. Moore v. Sheppard, 192 S.W.2d 559,
561-62 (Tex. 1946). A rider to a general appropriations bill is valid
if its only effect is to "detail, limit, or restrict the use of the

funds... therein appropriated." Attorney General Opinions MW-389 (1981); MW-51 (1979); V-1253 (1951). As this office said in Attorney General Opinion V-1254 (1951):

> [i]n addition to appropriating money and stipulating the amount, manner, and purpose of the various items of expenditure, a general appropriation bill may contain any provisions or riders which detail, limit, or restrict the use of the funds or otherwise insure that the money is spent for the required activity for which it is therein appropriated, if the provisions or riders are necessarily connected with and incidental to the appropriation and use of the funds, and provided they do not conflict with general legislation.

In Attorney General Opinion MW-51 (1979), we considered the following rider:

> The State Board of Control shall establish a maximum and a minimum monthly charge for state employee parking of $16 and $6 respectively for facilities within its jurisdiction. The Board is authorized to charge varying rates within the above limitations based upon the type and location of parking space made available accepted by a state employee.

The opinion held that this rider was invalid, since it:

> neither appropriates nor details, limits or restricts the use of funds. It is instead a general directive to the State Board of Control to take certain affirmative action, and it may not validly be included in the General Appropriations Act. Accordingly, the Board of Control has the authority to set parking rates under the authority granted it by section 3(g) of article 678e, V.T.C.S., and it is not limited to the minimum and maximum rates set out in the appropriations act.

In our opinion, the rider at issue here is likewise deficient. It does not appropriate any funds nor does it detail, limit or restrict the use of funds appropriated elsewhere. Rather, it is a general directive to the State Board of Barber Examiners and the Texas Cosmetology Commission to take specific affirmative action. As such, it may not validly be included within an appropriations act. It is our opinion that, since the rider in question constitutes general

legislation, it is violative of article III, section 35 of the Texas Constitution, and hence, void and of no effect. As an invalid provision, it cannot require the Barber Board to take any action at all, either to actually enter into a contract or to make a good faith effort to do so.

## SUMMARY

A rider to the general appropriations act requiring cooperation between the State Board of Barber Examiners and the Texas Cosmetology Commission constitutes an invalid attempt to enact general legislation within an appropriations bill, in contravention of article III, section 35 of the Texas Constitution. It is therefore void and of no effect.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Shawn Jamail
Jim Moellinger